1  Name: Leila Cruz-McCoy Indive/Next Friend s/ JCM
2  Address: 1201 Elleta Blvd Columbia, MO 65202
3  Telephone Phone: 916-940-0355
4  Email: KansasKate5g@Icloud.com

**FILED**
Jan 09 2023
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  s/ melodyq  DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

Leila Cruz McCoy,
Plaintiff(s),

Case No.: **'23CV0035 BTM KSC**
(assigned at time of filing)

v.

Rady Childrens Hospital, San Diego Child Welfar Services, Christopher Hines, Lynette Miller, Renea Silvestri & Daniella Morales
Defendant(s).

**COMPLAINT**

I. **RELATED CASES**

 a. Do you have other Civil Case(s) in this or any other federal court?
    ☐ Yes  ☒ No

 b. If yes, please list the case numbers here:
    N/A

II. **STATEMENT OF CLAIM** *(Briefly state the facts of your case. Describe how each defendant is involved, and tell what each defendant did to you that caused you to file this suit against them. Include names of any other persons involved, dates, and places.)*

Leila Cruz McCoy v. Rady Children's Hospital Et Al
Page 2/two of civil rights lawsuit

**List of defendants**

1) Rady Children's Hospital of San Diego 3020 children's Way, San Diego, CA 92123
2) Renee Silvestri case manager Rady Children's Hospital 3020 children's Way San Diego CA Nine
3) Daniela Morales case manager Rady Children's Hospital 3020 children's Way, San Diego, CA 92123
4) Dr. Jenkins medical Director Rady Children's Hospital 3020 children's Way, San Diego, CA 92123
5) Dr. Patel psychiatrist Rady Children's Hospital 3020 children's Way San Diego, CA 92123
6) San Diego Child welfare/county of San Diego 8965 Balboa Ave., San Diego, CA 92123
7) Lynnette Miller in her individual and Professional capacity, social worker San Diego CWS 8965 Balboa Ave., San Diego, CA 92123
8) Christopher Heinz in his individual in professional capacity, case manager San Diego CWS 8965 Balboa Ave., San Diego, CA 92123
9) Kimberly Giardina in her individual and professional capacity San Diego child welfare services Director 8965 Balboa Ave., San Diego, CA 92123
10) Nick Macchione, executive Director San Diego health and human services 8965 Balboa Ave. and 1600 Pacific Highway, San Diego, CA 92123


Part II

December 30, 2022

Leila Cruz v. Rady children's hospital and San Diego child welfare services

## Claims for relief

1. On March 28, 2022 San Diego Police Department in the PERT psychological team transported my daughter to Rady Children's Hospital of San Diego for emergency psychiatric treatment after she had a meltdown during which she was hearing voices, having hallucinations and delusions and had injured her self and attacked her father. The San Diego police department investigated, took witness statement and reviewed videotape listing myself, my husband and our children as victims in the situation not as perpetrators. The officer put the child on a 5150 psychiatric hold as he felt that she was a danger to herself and others and that she was not able to decipher fantasy from reality and needed emergency psychiatric treatment and regulation of her current psychiatric medication.

2. We provided up-to-date insurance, address, and billing information to Rady Children's Hospital and specifically requested that the hospital communicate with united healthcare of Kansas or healthy blue insurance because we were only visiting San Diego to attend a state hearing on behalf of the child and we're not living in San Diego at that time so we would not be able to do any follow up treatment or medication monitoring unless they make the referral to the appropriate provider under the rules for our current insurance and HMO coverage. The hospital never made any referral to the child's primary care physician, never made any referral to the HMO or insurance company and did not provide us any records or forms so that we could try to do it ourselves all over the rules of the Medicaid assistance program require the referring provider to complete the referral process themselves

3. While our daughter was in the hospital, The child, housekeeping staff and some of the security guards told us about racist, inappropriate, ablest comments that were made to the child regarding our religion, the color of our skin, our sources of income and socioeconomic status, our familial status and my disability because I am a parent who is legally blind and has some physical disabilities.

4. After being informed about the racist and emotionally/verbally abusive comments made to my daughter I filed a complaint with the hospital administration and medical Director for equal access and civil rights concerns. Dr. Patel the treating psychiatrist immediately called me screaming, insulting me, threatening me with child protective services and my response was to file another complaint with the medical Director Dr. Jenkins and go into the office at the hospital to meet with her.

5. I explained that my child has diabetes and therefore the skin discoloration, body odor and other symptoms is because the hospital was not giving the medically prescribed diet or any of her prescription drugs for her asthma, diabetes, eczema and auto immune skin disorder and that she had an infection on her skin which needed to be followed up on immediately. I explained that although they might not

have a lot of experience with African-American people they have an entire medical team so the racist and demeaning comments to my daughter and mocking her and in front of staff & of other children because of her body odor was not acceptable it was a form of racism because the symptoms visible on her skin are specific to people of the African diaspora with her chronic health conditions. I provided proof that my daughter was registered with the state of California as a homeschool student, had been doing her standardized testing and asked the hospital why they were accusing us of education neglect because our child got a few days break for Ramadan but did not apply the same standards to Christians or other religious parents and their children the hospital refuse to answer this question. I made it clear that because the administration had not done anything when I made two previous concern reports I would have to move forward with a complaint through California department of fair employment and housing

6. When the Rady Children's Hospital staff learned that I had filed a complaint regarding the hospital refusing to allow me to visit my daughter in a accessible area on the first floor so that I would not have to walk through the crowded hallways full of medical equipment where it was not safe for me to get to the area to visit the child. The Director office, conference rooms and other accessible locations were available on the first floor of the hospital however the hospital refused to allow us to visit in those areas they did have locks and there was a security desk within 4 to 5 feet. I also complained after I repeatedly asked the psychiatrist and other staff at the caps psychiatric unit to provide accessible format documents to me so that I could understand my daughter's diagnosis, treatment plan, follow up care plan and have a copy of the referral that was supposed to be made to United healthcare of Kansas or healthy blue insurance for medication monitoring, psychiatry and follow up therapeutic services for my daughter. I educated the staff about how to convert the documents to accessible audio format at no cost, how to get them to my street address on a piece of auxiliary aid technology at no cost through the California assistive technology program and that the United States Postal Service free matter for the blind in handicap ship these materials at no cost however the agency, and the hospital refused to make this reasonable accommodation and refused the accessible alternative format document after my doctor provided a letter and a technology assessment for the visually impaired verifying that this accommodation is medically necessary.

7. Leticia Vasquez, Daniela Morales, Renee Silvestri and Christopher Hines filed a false petition with San Diego Superior Court in retaliation for my civil rights complaint. In the petition, all three human services professionals deliberately omitted the fact that the child was not a resident of the state of California, that we were only in town temporarily for a meeting and that I had full sole physical and legal custody of the child from the state of Missouri further that the custody order had been provided to Medicaid and it's contracted providers required for the child to qualify for public assistance, federal Medicaid and federal housing programs. San Diego Child welfare compliance San Diego and the hospital were also aware

that San Diego HHS had a active child support enforcement case against a non-custodial parent based on my current Valid custody order however this information was withheld from the court so they could achieve the goal which was to remove the child from my care in retaliation for my equal access, civil rights, quality assurance and medical negligence complaint made on behalf of my daughter and on behalf of myself and my family because of the discrimination from both San Diego child welfare services and Rady Children's Hospital

8. In the petition all of the above named dependence filed sworn statement and affidavit on behalf of San Diego child welfare services and Rady children's hospitals declaring that they had followed the family preservation act, the family preservation services act and the UCCJEA when they had not. They pretended to have conducted evidence-based assessment and that they were qualified individuals under the family preservation services act who determined that my home, my religion, and my having custody of my daughter it was a danger to her health and safety when in fact they had never met me, they had never interviewed me and they certainly had never conducted any evidence-based evaluation by a qualified individual. They lied about jurisdiction, they lied about compliance with the San Diego County and California child welfare services manual and deceive the court into believing that they had followed the family preservation act, the family preservation services act in the Indian child welfare act when they knew this not to be the case and that the child did not fall under the jurisdiction of San Diego health and human services child welfare services nor San Diego county court because she was our president for custody purposes of Salina Kansas and spend the other half of her parenting time in Columbia Missouri with me where I was attending graduate school and receiving specialist medical treatment that was not available to me in California under Social Security administration rules

9. Both Rady Children's Hospital and San Diego child welfare services knew that the family was only in town because San Diego health and human services had refused to provide a accessible hearing remotely to appeal adverse agency actions against the child JCM and her siblings and to appeal denials of reasonable accommodations and policy modifications in the administration of federal cash food housing medical in-home supportive services and Medicaid medical facility placement/case management for children with mental health and developmental disabilities. San Diego child welfare services and Rady Children's Hospital told San Diego Superior Court judges that the child was a resident of San Diego who did not have stable housing and was being trafficked abused and neglected by me and my family when they knew this was not true and that we had stable housing in Salina Kansas and Columbia Missouri including my unit which I've been federally inspected as part of the US Department of housing and urban development project-based section 8 program.

10. Rady Children's Hospital and San Diego child welfare services deliberately lied about jurisdiction and deprived me of my constitutional right to raise my child in her family of origin, her faith and aboriginal American community under my religious beliefs and practices without impediment from the government or any

Medicaid contracted provider who is accepting financial assistance from the federal government under the Medicaid program: At the same time they told California department of social services Judge Courtney Nash, Judge Sarah Kim and chief judge McAuley that they were denying the child federal housing, food, cash, medical in-home supportive services and case management because the county decided she was not a resident of California And the child was being denied exceptions under the rules for migrant seasonal worker families who are temporary in California for work or employment training. We were literally in San Diego to appeal and at first agency action and a Lyft overpayment San Diego child welfare services in San Diego health and human services were imposing along with stations on JCM and her siblings.

11. San Diego health and human services does not comply with the Americans With Disabilities Act has no accessible format documents, publications, forms nor applications and has refused to provide interpreter, writing and disability assistance and refuse to gave our family accessible audio format notices as prescribed by a rehabilitation counselor for the blind from rehabilitation services of California and also prescribed by our ophthalmology specialist and general physician in three letters and ophthalmology exam reports that we provided verifying that the request for policy modification, reasonable accommodation and alternative format documents and assistive technology is medically necessary for both ourselves and our children with disabilities who participate in federal assistance programs. The agency was literally having our mail sent to their mailbox and then refusing to call and read it to us while also refusing to convert the documents to accessible format and use free resources provided to them to send them to us under the US Department of health and human services Americans With Disabilities Act route and the United States Postal Service free matter for the blind and handicap accessible materials shipping program which allows agencies to send assistive technology and accessible format documents to the blind in handicap for free.

12. Without conducting any evidence-based evaluation, without doing one interview, without doing any home visit and without following the federal and state child welfare services guidelines which require the hospital and the agency to conduct evidence-based evaluations before filing any child protective services report, before filing addendum's affidavit and expert opinions with the court and before removing my child from the home San Diego child welfare services, I Christopher Heinz, Rady Children's Hospital, Renee Silvestri and Daniella Morales removed my child from my care under false pretenses by telling me that there was a 5150 hold placed on her by San Diego Police Department and that she could not return home with me and my family to Missouri or to Kansas with her father or we would be arrested. When I wanted to use assistive technology or an application for the blind to read any paperwork or take the paperwork to an attorney from San Diego child welfare services and right to Children's Hospital which they would not provide in accessible format Christopher Hines, Lynnette Miller, their supervisor Mrs. Nguyen and Rady Children's Hospital staff in security told me that I would be

arrested if I did not take any assistive device out of the hospital and not use it at their locations depriving me of equal access to all of the forms communication applications and depriving us of federal cash food medical and housing assistance we were eligible for because of the psychiatric emergency for our child

13. I immediately challenged jurisdiction in writing to the San Diego welfare ethics and civil rights department reminding them that I have a valid custody order from another state and that the child was not living in the state of California also that their agency had filed paperwork with California Department of social service declaring the child would not be provided any federal assistance of any kind or any developmental disabilities case management and medical transportation or her psychiatric medication because it San Diego county attorney determined that she was not considered a resident of San Diego nor the state of California. I reminded the social worker supervisor, the civil rights officer for San Diego Child welfare compliance San Diego and the compliance department of San Diego child welfare services that the case worker had never interviewed me, had never conducted a home visit had never done any of the required evidence-based evaluation's and that the agency was not following its own child welfare services manual, was not in compliance with the UCCJEA and was not complying with the family preservation services act nor the family preservation act or Indian child welfare act. The response of the agency was to take my child from the hospital without my knowledge and cut off all contact with my child for approximately eight months causing me to make several police reports just to find out where my daughter was. The agency deliberately did not serve any accessible format documents and notices about court hearings, did not present me with publication 13 or the petition to remove my child and get an emergency warrant to take her from the hospital under false pretenses there's no threat life-threatening situation qualifying to remove her from the hospital using that court procedure was present . Even when I emailed, filed formal complaint and file police report giving all of my contact information and proof of stable housing insurance coverage and that the hospital did not ever make a referral for outpatient services except to a program in an area where we did not live and to a provider that was not covered under our insurance company all of my request to honor my valid custody order to stop the discrimination and return my child were ignored

14. On December 28, 2022 my daughter was at the receiving home in Sacramento California as the county has been moving her from location to location to hide her from me and to frustrate my ability to have ongoing regular contact with her, the child went into a diabetic crisis and it was revealed that San Diego Child welfare compliance San Diego Children's receiving home a Sacramento we're not giving the child her steroid and anabiotic's for her auto immune disorder, they were not providing her Met Forman or her medically prescribed diabetic diet, they were not following up on her cardiomyopathy with the renal children's heart institute for semi annual appointments and we're not following up with her asthma immunology and dermatology appointments and have not participated or allow the child to participate in telehealth appointments with her normal primary care

physician and her treatment provider in the Home area under her actual current insurance program even though mother had made multiple appointments so the child could receive treatment in the least restrictive environment and the procedures could be properly followed under the current valid HMO and health insurance program that would allow the child treatment in the least restrictive environment

15. The child revealed that the caseworker Lynnette Miller and caseworker for Christopher Hines had threatened that she would be locked away in a facility and never have contact with her parents again unless she Puritans the story they gave her to tell during interviews and interactions at the Children's Hospital in other locations where they were not properly documenting the interviews/interactions and we're not following the child welfare services manual. It was revealed the Christopher Heinz had exploited the mentally disabled child interviewing her several times in Rady Children's Hospital without the permission of a parent and without her attorney present even though the parents had to retain a attorney because the child had a juvenile case and the child has a history of psychosis, auditory and visual hallucinations and was in the middle of a psychotic episode where she had to be sedated restrain and put on to three medication's the same day San Diego Child welfare compliance San Diego and Rady Children's Hospital exploited the child and interrogated the child so they could file CPS report against the parents for making equal access and civil rights complaint about the failure to provide culturally competent care, failure to provide appropriate care for a LGBTQ transgender youth and discrimination against the family based on race religion and disability. Rady Children's Hospital called the parents and gave false statements that the child was incoherent and sleeping so they could not come for a visit on several days when Christopher Hines have been brought to the hospital by Rady Children's Hospital staff without the child's attorney present to interrogate her while she was in the middle of a psychiatric episode and still adjusting to several new psychiatric medication which affect cognition, processing, communication and her ability to decipher fantasies from reality. Neither Rady Children's Hospital or the social workers from Child welfare compliance San Diego told San Diego superior county juvenile judges that the child has a history of auditory, visual and sensory hallucinations, They also did not tell the judge that the child had a psychiatric episode was banging her head on the walls and floor had to be sedated and was incoherent the day she was exploited and interviewed my San Diego child welfare service staff who were acting in concert with Rady Children's Hospital to retaliate against the child in her parents for legitimate equal access into the right to complain make with the hospital administration and California Department of fair employment and housing

16. Petitioner is a professional social worker and independent living skills specialist for vulnerable populations, blind, elderly and mentally ill persons. Petitioner is a mother of five children biologically and the family has 10 children in total including four other children with disabilities and two grandchildren with similar disabilities whom petitioner still retains custody of. Petitioner specifically

requested policy modification, housing and homeless support, cash food and medical/medical case management and personal care attendant services for her disabled child JCM And her other disabled child/her self; however San Diego county in San Diego county child welfare services refused to assist with the non-accessible paperwork, refused policy modifications and disability interpreter and never reported that this refusal to provide equal access impeded the families ability to access the assistance programs necessary to stay in the area and get the children outpatient care in the area if they were being refused the right to return home where they had stable housing and get treatment for their children in Kansas and/or Missouri. Neither Lynnette Miller, Christopher Hines, Daniela Morales, Renee Silvestri nor their supervisors have any professional training or license to make psychiatric diagnosis or to determine whether petitioners disabilities prevent her from properly supervising and caring for her children further they never conducted in a home visit, never conducted an interview because petitioner one of her attorney present and did not do any qualified individual assessment before filing false information with the court to have the child removed from the hospital without their permission or knowledge of the parents.

17. Both entities have been holding the child in San Diego County while the family returned to Missouri for urgent medical treatment and other employment obligations trying to use custody of the child to barter with the family to drop their legitimate equal access, civil rights, and discrimination complaint against the county of San Diego and Rady Children's Hospital with a child did not meet at home placement criteria, there was no life-threatening situation which would allow them to seek emergency jurisdiction and circumvent the valid custody order and the family has stable housing, available medical transportation and in-home support services personal care attendant for the child and a treatment provider in the home area covered by the child actual insurance company.

**III.   RELIEF YOU REQUEST** *(State exactly what you want the court to do for you. Do not use this space to state the facts of your claim.)* $100 million for

① See attached 5pg claims printed seperately because petitioner uses adaptive software for the Blind
- Punitive Damages

② Claim is <u>7 pgs / 17 paragraphs</u> total / attached to this Document

- Personal Injury
- Slander / Libel
- Harassmen / Retaliation for Equal Access / Civil Right Complaints
- Discrimination in the administration of federally funded programs based on: Race, Religion, Source of Income, Gender, familial Status and Disability

③ Violations of: VAWA, ADA, Fair Housing Act, UCCJEA, Family Preservation Services Act etc.

IV. **DEMAND FOR JURY TRIAL** *(Would you like a trial by jury on all claims pursuant to FRCP, Rule 38?)*

☒ Yes  ☐ No

I declare under penalty of perjury that the foregoing is true and correct.

12-30-2022
Date

*[Signature]*
Signature

Leila Cruz McCoy
Printed Name