UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Leila Cruz McCoy,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>Rady Children's Hospital, San Diego Child Welfare Services, Christopher Hines, Lynette Miller, Renee Silvestri, Daniela Morales, Dr. Jenkins, Dr. Patel, Kimberly Giardina, and Nick Macchione,<br><br>　　　　　　　　　　Defendants. | Case No.:  23CV35-GPC(KSC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND SUA SPONTE DISMISSING COMPLAINT WITH LEAVE TO AMEND** |

On December 30, 2022, Plaintiff Leila Cruz McCoy ("Plaintiff" or "McCoy"), proceeding pro se, filed an action against 10 defendants: Rady Children's Hospital of San Diego ("Rady Children's Hospital"); the San Diego Department of Child Welfare Services ("CWS"); Christopher Hines, case manager at CWS; Lynette Miller, social worker at CWS; Renee Silvestri, case manager at Rady Children's Hospital; Daniela Morales, case manager at Rady Children's Hospital; Dr. Jenkins, Medical Director at Rady Children's Hospital; Dr. Patel, psychiatrist at Rady Children's Hospital; Kimberly Giardina, Director of CWS; and Nick Macchione, Executive DireEctor of San Diego

1

Health and Human Services.  (ECF No. 1, Compl. at 1 -2.[1])  Plaintiff alleges violations of the Americans with Disabilities Act ("ADA"), Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), Violence Against Women Act ("VAWA"), Fair Housing Act ("FHA"), and Family Preservation Services Act.  (ECF No. 1, Compl. at 10.)  She also alleges "personal injury", "slander/libel", "harassment/retaliation for equal access/Civil Right Complaints" and discrimination based on race, religion, "source of income," gender, familial status and disability.  (*Id.*)  Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP").  (ECF No. 2.)

For the following reasons, this Court **DENIES** Plaintiff's motion to proceed IFP and sua sponte **DISMISSES** all claims against all defendants with leave to amend.

**Discussion**

**A.     Motion to Proceed IFP**

All parties instituting any civil action, suit, or proceeding in a United States District Court, except an application for writ of habeas corpus, must pay a $402 filing fee.[2]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Plaintiffs must submit an affidavit demonstrating an inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets.  28 U.S.C. § 1915(a)(1).

"To satisfy the requirements of 28 U.S.C. § 1915, applicants must demonstrate that

---

[1] Page numbers are based on the CM/ECF pagination.

[2] Effective December 1, 2020, civil litigants must pay an additional administrative fee of $52, in addition to the $350 filing fee set by statute.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).  The $52 administrative fee does not apply to persons granted leave to proceed IFP.  *Id.*

because of poverty, they cannot meet court costs and still provide themselves, and any dependents, with the necessities of life." *Soldani v. Comm'r of Soc. Sec.*, No. 1:19-CV-00040-JLT, 2019 WL 2160380, at *1 (E.D. Cal. Jan. 31, 2019). Courts may consider the federal poverty guidelines set by the United States Department of Health and Human Services as well as income in the context of overall expenses and other factors, including savings and debts, when ruling on IFP applications. *McKinley v. Cnty. of Fresno*, No. 121-CV-754-NONE-SAB, 2021 WL 3007162, at *1 (E.D. Cal. July 15, 2021).

Here, Plaintiff submitted an incomplete IFP Form, precluding the Court's ability to grant her request to proceed IFP. (ECF No. 2.) Rather than list her average monthly income and expenses, employment history, and bank account information, McCoy wrote "N/A" or crossed sections out entirely. (*Id.*)

Plaintiff also attached a "Social Security Administration Benefit Verification Letter," to the complaint, which appears to be in support of her incomplete IFP form. (ECF No. 1-2.) The letter states Plaintiff's Social Security benefits of $0 in June 2012 and Supplemental Security Income payments of $1,085.26 as of June 2022. Despite this income, Plaintiff did not submit a complete IFP form, precluding the Court's ability to fully evaluate her IFP eligibility. Thus, the Court DENIES Plaintiff's Motion to Proceed IFP.[3]

At this stage, the case cannot proceed further because Plaintiff has neither paid the necessary fee nor qualified to proceed IFP. However, "before dismissing a pro se complaint[,] the district court must provide the litigant with notice of the deficiencies in [her] complaint in order to ensure that the litigant uses the opportunity to amend effectively." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

---

[3] In a different case before this Court, Plaintiff McCoy submitted an IFP request that this Court granted. *See McCoy v. San Diego Cnty. Child Welfare Servs.*, Case No. 23-CV-0273-GPC(KSC).

3

### B. Sua Sponte Dismissal Pursuant to 28 U.S.C. § 1915

Courts must engage in a sua sponte review of any complaints filed by any person proceeding IFP pursuant to § 1915(a), and courts should dismiss claims that are "frivolous or malicious; fail[] to state a claim upon which relief may be granted; or seek[] monetary relief against a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *see also Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."). The requirements under Section 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure ("Rule") 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012).

Further, Rule 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though plaintiffs need not give "detailed factual allegations," plaintiffs must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Adequately pled claims will "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). And courts dismiss complaints that "fail[] to provide the individual defendants with proper notice of the claims being asserted against them and . . . [do] not afford defendants a fair opportunity to assert . . . defenses." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996).

Courts "liberally construe[]" pro se claims, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and hold them to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 521 (1972). This is especially important in

cases that implicate civil rights issues. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

Here, the Complaint[4] alleges that in March 2022, Plaintiff and her minor daughter, out of state residents, were in San Diego when Plaintiff's daughter had a mental health meltdown causing the "PERT psychological team" of the San Diego Police Department to place her on a 5150[5] psychiatric hold and transport her to Rady Children's Hospital of San Diego for treatment. (ECF No. 1, Compl. ¶ 3.)

After being informed that her daughter was subject to racist and inappropriate comments regarding their religion, color of their skin, their socioeconomic status, familial status and Plaintiff's disability as a legally blind parent, McCoy filed an internal complaint with the hospital administration and the medical director. (*Id.* ¶¶ 3, 4.) In response, Dr. Patel, the treating psychiatrist, allegedly called Plaintiff "screaming, insulting [her], [and] threatening [her] with child protective services. (*Id.* ¶ 4.) McCoy then filed another internal hospital complaint and met with Dr. Jenkins, the hospital's Medical Director and explained her child's condition and unacceptable treatment towards her daughter. (*Id.* ¶¶ 4, 5.)

Plaintiff further alleges that the hospital refused to accommodate her request for accessible formatted documents throughout her time there. (*Id.* ¶ 6.) She "repeatedly asked the psychiatrist and other staff at the . . . psychiatric unit to provide accessible

---

[4] The Court attempts to recount the facts in the complaint. The complaint does not clearly articulate the facts to support each cause of action but instead consists of seven pages of single lined description of Plaintiff's experience with Rady Children's Hospital and its personnel during her daughter's 5150 hold beginning in March 2022.

[5] A 5150 psychiatric hold allows certain authorized persons to take a "person into custody for a period of up to 72 hours for assessment, evaluation, and crisis intervention, or placement for evaluation and treatment in a facility designated by the county for evaluation and treatment and approved by the State Department of Health Care Services." Cal. Welf. & Inst. Code § 5150(a).

format documents . . . so that [she] could understand [her] daughter's diagnosis, treatment plan, [and] follow up care plan," but received none. (*Id.*) McCoy also tried to "educate[] the staff about how to convert the documents to [an] accessible alternative audio format at no cost." (*Id.*)

In addition, Plaintiff contends that in retaliation for her complaints, Leticia Vasquez, Daniela Morales, Renee Silvestri and Christopher Hines filed a petition with the San Diego Superior Court without providing all the relevant information to the court and failed to conduct a proper investigation and deliberately lied. (*Id.* ¶¶ 7, 8.) Plaintiff disputes Rady Children's Hospital and San Diego Child Welfare Services' allegation that her child did not have stable home, and was being trafficked, abused and neglected by Plaintiff and her family. (*Id.* ¶ 9.)

Further, Plaintiff alleges the San Diego Health and Human Services does not comply with the Americans with Disabilities Act because it does not provide accessible format documents, publications, forms or application and refused to provide an interpreter, writing and disability assistance and refused to provide "family accessible audio format notices." (*Id.* ¶ 11.)

She further contends that without conducting any evidence-based evaluation, without following federal and state child welfare services guidance, Christopher Heinz (sic), Rady Children's Hospital, Renee Silvestri and Daniella Morales removed her daughter from Plaintiff's care under false pretenses and was told she could not return home with the daughter or she would be arrested. (*Id.* ¶ 12.) When Plaintiff wanted to use assistive technology or use an application for the blind to read paperwork or to take the paperwork to an attorney, Christopher Hines, Lynnette Miller, Mrs. Nugyen, their supervisor, and Rady Children's Hospital staff told her she would be arrested if she did not remove the assistive devices out of the hospital. (*Id.*) Plaintiff claims this deprived her of equal access to all forms of communication. (*Id.*)

On December 28, 2022, Plaintiff's daughter was at a receiving home in Sacramento California. (*Id.* ¶ 14.) Plaintiff claims that the County has been moving her daughter to different locations in order to hide her from Plaintiff and to frustrate her ability to maintain contact with her daughter. (*Id.*) McCoy claims that she learned that the receiving home in Sacramento was not providing her daughter with her medications and not following up on her medical procedures and preventing her from participating in tele-health appointments with her primary care physician. (*Id.*)

Plaintiff's daughter told Plaintiff that Lynnette Miller and Christopher Hines, both caseworkers, had threatened that she would be locked away and never have contact with her parents unless she told the story they told her to tell. (*Id.* ¶ 15.) Moreover, Christopher Hines improperly interviewed Plaintiff's daughter several times without her parents' permission, and without her attorney present. (*Id.*)

Plaintiff's daughter has been in the custody of San Diego County while the family returned to Missouri for other obligations. (*Id.* ¶ 17.) Rady Children's Hospital and the San Diego Child Welfare Services are using the custody of the child as barter with the family to drop the equal access, civil rights and discrimination complaints lodged against them. (*Id.*)

Based on this, Plaintiff presents a list of causes of action in one page alleging personal injury, slander/libel, harassment, retaliation for equal access/civil rights complaints, discrimination based on race, religion, source of income, gender, familial status and disability and violations the Americans with Disabilities Act ("ADA"), Violence Against Women Act ("VAWA"), Fair Housing Act, Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA"), and Family Preservation Services Act. (*Id.* at 10.)

The Court concludes that Plaintiff has not met the requisite Rule 8 pleading standard. First, Plaintiff fails to plausibly allege facts to support the elements of each the

cause of action. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 840 (9th Cir. 2000) (Rule 8 requires a plaintiff to "plead a short and plain statement of the elements of his or her claim, identifying the transaction or occurrence giving rise to the claim and the elements of the prima facie case."). Moreover, Plaintiff should present separate counts for each claim asserted because they "arise out of separate transactions or occurrences, and . . . separate statements will facilitate a clear presentation." *Id.* at 840-41. Additionally, Plaintiff does not specify which claims she is making against which defendant. *See Dougherty v. Bank of America, N.A.*, 177 F. Supp. 3d 1230, 1253 (E.D. Cal. 2016) (where there are multiple defendants, the complaint "must allege the basis of [her] claim against each defendant to satisfy" Rule 8). As pleaded, McCoy's claim does "not afford defendants a fair opportunity" to defend themselves and does not satisfy the Rule 8 pleading requirements. *See McHenry*, 84 F.3d at 1175. Accordingly, the Court sua sponte **DISMISSES** the complaint for failing to state a claim.

**C.     Leave to Amend**

District courts "should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988)).

Here, the Court grants McCoy leave to amend both her (1) IFP request and (2) Complaint. If Plaintiff fails to timely amend, the Court will enter a final Order dismissing the entire action. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

The Amended Complaint must be complete by itself without reference to her previous pleading. Defendants not named and any claim not re-alleged in the Amended

Complaint will be considered waived.  *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

## Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Proceed in forma pauperis and sua sponte **DISMISSES** the complaint with leave to amend.  Plaintiff must submit a complete IFP Form and an amended complaint on or before **May 26, 2023**. If McCoy fails to file either the IFP Form or the filing fee, or if she fails to file an amended complaint by the deadline, then the Court will dismiss the entire case with prejudice.

**IT IS SO ORDERED.**

Dated:  April 27, 2023

Hon. Gonzalo P. Curiel
United States District Judge